UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AKEEM ULMER,

                              Plaintiff,

   v.                                                          9:15-CV-0497
                                                                    (DNH/TWD)

CORRECTIONAL OFFICER DIBBLE, Franklin
Correctional Facility, JOHN DOES 1-5, Correctional
Officers, Franklin Correctional Facility, and
SERGEANT DUMAS, Franklin Correctional Facility,

                              Defendants.

---

APPEARANCES:

AKEEM ULMER
09-A-2725
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. ERIC T. SCHNEIDERMAN                 ORIANA L. CARRAVETTA, ESQ.
New York State Attorney General               Ass't Attorney General
Attorney for Defendants
Litigation Bureau
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

**I. INTRODUCTION**

     Pro se plaintiff Akeem Ulmer ("Ulmer" or "plaintiff") has filed this motion for preliminary

injunctive relief. Dkt. No. 48; *see also* Dkt. Nos. 50, 51, 63, and 68 (submissions in

1

support). Defendants oppose plaintiff's motion. Dkt. Nos. 52, 58. For the reasons stated below, plaintiff's motion will be denied.

## II. BACKGROUND

In April 2015, Ulmer commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement at Franklin Correctional Facility ("Franklin C.F.").[1] *See* Dkt. No. 1 ("Compl."), *generally*. Specifically, plaintiff claimed that he was assaulted on December 29, 2014 in retaliation for filing a Notice of Claim against the State of New York. *See id.*

In a Decision and Order filed June 9, 2015 ("June Order"), and after a review of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, certain claims survived sua sponte review and defendants Sergeant Allen ("Allen"), Correctional Officer Dibble ("Dibble"), and Sergeant Dumas ("Dumas") were directed to respond to the following: (1) Ulmer's Eighth Amendment excessive force claims; (2) the failure-to-protect claims; and (3) the retaliation claims. *See* Dkt. No. 5, *generally*.

On September 10, 2015, Allen, Dibble, and Dumas filed an answer. *See* Dkt. No. 5.

In an Order filed on August 8, 2016, Ulmer's motion to amend his complaint to add Sergeant Bedore ("Bedore") as a defendant was granted. *See* Dkt. No. 64. The August 8 Order also granted plaintiff's request to dismiss the action as against Allen. *See id.* Plaintiff's amended complaint was accepted for filing and deemed the operative pleading. Dkt. No. 65.

On August 16, 2016, Ulmer advised that he was transferred to Green Haven

---

[1] At the time that he commenced the action, plaintiff was incarcerated at Franklin C.F. *See* Compl. at 2.

Correctional Facility ("Green Haven C.F.").  See Dkt. No. 68.

On September 23, 2016, Dibble and Dumas filed an answer to the amended complaint.  Dkt. No. 77.

## III. MOTION FOR A PRELIMINARY INJUNCTION

### A. Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit.  *Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d at 35, 38 (2d Cir. 2010).  To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *Id*. at 35; *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 405-06 (2d Cir. 2011).

However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Id*. at 406; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).  Thus, a mandatory preliminary injunction "should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' " *Citigroup*, 598 F.3d at 35 n.4.  Additionally, "[t]he district court has wide discretion in

3

determining whether to grant a preliminary injunction." *Moore*, 409 F.3d at 511.

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly*, 76 F.3d at 482. "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Amaker v. Fischer*, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012). Conclusory assertions lacking supporting evidence will not support a preliminary injunction. *Hancock v. Essential Res., Inc*., 792 F. Supp. 924, 928 (S.D.N.Y. 1992).

"Preliminary injunction requests are 'frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65.'" *Crichlow v. Fischer*, No. 12- CV-7774, 2015 WL 678725, at *8 (S.D.N.Y. Feb. 17, 2015) (alteration in original) (quoting *Malki v. Kayes*, No. 11 Civ. 5909, 2012 WL 32611, at *8 (E.D.N.Y. Jan. 5, 2012)).

Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Levesque v. Clinton County*, No. 10-CV-787, 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (quoting *McKinnon v. Tresman*, No. 02-CV-2305, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004)); *see also Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying

4

claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff).

Here, the injunction sought is mandatory, and thus the "clear and substantial" showing of a likelihood of success standard must be utilized.

### B. Plaintiff's Motion and Defendants' Response

On June 30, 2016, Ulmer filed his motion for an order enjoining defendants "and their successors in office, agents, employees, and other persons acting in concert and participation with defendants" from violating plaintiff's First, Eighth and Fourteenth Amendment rights. *See* Dkt. Nos. 48, 50, 51. At the time he filed the motion, plaintiff was confined at Southport Correctional Facility ("Southport C.F.").[2] *See* Dkt. No. 41; *see also* Dkt. No. 48 at 5. The motion addresses incidents that occurred while plaintiff was confined at Franklin C.F. and Southport C.F. *See* Dkt. Nos. 48, 50, and 51, *generally*.

From August 2015 until January 2016, Ulmer's family friend, Carah Lucas Hill ("Hill"), wrote letters to Botsford, Captain Quimby, Superintendent LaClair, Attorney General Eric T. Schneiderman, Acting Commissioner of DOCCS Anthony Annucci, Asst. Attorney General Glen Michaels, and Albert Prack, Director of SHU. *See* Dkt. No. 48-1 at 4, 6, 8, 9, 10, and 11. Hill complained that plaintiff was being mistreated, physically assaulted, and threatened. *See id.* Hill claimed that plaintiff's legal mail was being tampered with and also expressed his displeasure with the way staff members treated him during visits with plaintiff. *See id.* Plaintiff's motion seeks an order directing defendants to "recognize" Hill's

---

[2] In January 2016, plaintiff was moved to Upstate Correctional Facility ("Upstate C.F."). *See* Dkt. No. 27. In May 2016, after a brief confinement at Auburn Correctional Facility, plaintiff was transferred to Southport C.F. *See* Dkt. Nos. 40, 41.

5

complaints. *See* Dkt. No. 48 at 4.

In November 2015, Ulmer filed two grievances claiming that unidentified officers refused to deliver his legal mail and conducted an aggressive pat-frisk. *See* Dkt. No. 48-1 at 7, 8. Plaintiff contends that he was assaulted in retaliation for filing the aforementioned grievances and seeks an order enjoining defendants and "their successors in office, agents, employees, and other persons acting in concert and participation" from further violating his constitutional rights.[3] *See* Dkt. No. 48 at 1, 3, 4.

On December 3, 2015, Ulmer received a misbehavior report charging him with violent conduct, demonstration, creating a disturbance, threats, and gang involvement. *See* Dkt. No. 48-1 at 2. The report was issued by W. Lewis. *See id.*

On December 13, 2015, a Tier III hearing commenced with Captain Thompson presiding. *See id.* Ulmer was found guilty and sentenced to six months in the Special Housing Unit ("SHU"), loss of packages, commissary, good time, telephone and recreation privileges. *See id.* Plaintiff claims that Thompson violated his Fourteenth Amendment due process rights during the hearing and requests an order expunging the sanctions imposed as a result of the December 2015 disciplinary hearing. *See* Dkt. No. 48 at 1, 3, 4.

In July 2016, after he was transferred to Southport C.F., Ulmer filed a letter in further support of his motion claiming that the staff at Southport C.F. tampered with and read his legal mail. *See* Dkt. Nos. 50 and 51. Plaintiff also charged the Department of Corrections "in Albany" with failing to protect him from known enemies in violation of his Eighth Amendment rights. *See* Dkt. No. 51 at 1. Plaintiff claimed that prior to being transferred, he wrote letters

---

[3] Plaintiff did not provide the date of the assault or the names of the officers who allegedly assaulted him.

6

to the Department of Corrections in Albany with a list of known enemies to "stay safe."  *See id.*  However, he was continually placed in facilities with the same inmates that he identified in his correspondence.  *See id.*  Plaintiff's motion also seeks a transfer "to stay safe."  *See* Dkt. No. 50; Dkt. No. 51 at 1.

In response to these requests, defendants maintain that Ulmer has failed to sufficiently allege that he will suffer any serious, irreparable harm if the requested relief is denied.  *See* Dkt. No. 52 at 2.  Defendants also claim that plaintiff has not demonstrated "a substantial likelihood of success on the merits because "[t]he underlying lawsuit [. . . ] involves claims of excessive use of force as to officers Allen, Dibble and Dumas which allegedly occurred on December 29, 2015.  *See id.* at 3.  Defendants assert that plaintiff has failed to allege any connection between the incidents in the complaint and the within application.  *See id.*  In response to plaintiff's request for a transfer, defendants argue that "an inmate does not have a right to be confined to a prison of his own choosing."  *See* Dkt. No. 58 at 1.

## IV.  ANALYSIS

### A.  Parties to the Action

As discussed *supra*, the defendants herein are Bedore, Dibble, and Dumas.  Construing Ulmer's motion liberally, plaintiff seeks relief against unidentified corrections officers at Franklin C.F. and Southport C.F. and against "the successors in office, agents, and employees and all other persons acting in concert and participating" with defendants.[4]  *See* Dkt. Nos. 48, 50 and 51.

---

[4] In the caption of his motion, plaintiff identifies "Randy Allen" and "Anthony Annucci" as defendants. *See* Dkt. No. 48 at 1.  These individuals are not defendants herein.  *See* Dkt. No. 64.

7

To the extent that Ulmer seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* FED. R. CIV. P. 65(d)(2); *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

## B. Claims Asserted on Behalf of "Family Members"

"In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute[.]" *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l, USA*, 133 S.Ct. 1138 (2013) (citations and internal quotations omitted).

To the extent that Ulmer attempts to move for injunctive relief on behalf of Hill or other family members, that motion is denied. Plaintiff lacks standing to assert any claim or request for injunctive relief on behalf of his family or friend. *See Ennis v. Caine*, No. 85 Civ. 2487, 1986 WL 7010, at *1 (S.D.N.Y. June 18, 1986) (finding that nothing precludes the plaintiff's visitor from asserting her own rights). Plaintiff has also failed to demonstrate a likelihood of success on the merits of his claim because he has not suffered a tangible or threatened injury as a result of the alleged failure to "recognize" his friend's complaints. *See Gomez v.*

8

*Graham*, No. 9:14-CV-201, 2014 WL 5475348, at *4 (N.D.N.Y. Oct. 29, 2014) (finding that the plaintiff did not suffer any injury as a result of defendants' practices applicable to visitors at DOCCS facilities).

### C. The Merits

Even if the relief requested were proper, the facts underlying Ulmer's request for injunctive relief are unrelated to the defendants and claims in this action.

The facts alleged involve retaliatory conduct and excessive force by unidentified officers in November 2015, due process violations by Thompson in December 2015, access-to-court claims against unidentified Southport C.F. staff, and Eighth Amendment failure to protect claims against unidentified DOCCS officials related to transfers. *See* Dkt. Nos. 48, 50 and 51.

These facts are wholly unrelated to Ulmer's Eighth Amendment claims against Bedore, Dibble, and Dumas related to excessive force and retaliation in December 2014 at Franklin C.F. Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Moreover, Ulmer's transfer out of Franklin C.F. and Southport C.F. renders his requests for injunctive relief moot. *See, e.g., Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) ("A prisoner's transfer to a different correctional facility generally moots his request for

injunctive relief against employees of the transferor facility."). To the extent that plaintiff's motion could be construed as seeking a transfer out of his present place of confinement, plaintiff's request is denied because an inmate does not have the right to be confined to the prison of his choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Meriwether v. Coughlin*, 879 F.2d 1037, 1047 (2d Cir. 1989).

Finally, it is noted that the relief requested by Ulmer amounts to little more than an "obey the law" injunction. "Obey the law" injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008).

Upon review, Ulmer's motion must be denied because he has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock*, 792 F.Supp. at 928 ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. No. 48) will be denied.

## V.  CONCLUSION

Therefore, it is

ORDERED that

Plaintiff's motion for injunctive relief (Dkt. No. 48) is **DENIED**.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 12, 2016
	Utica, New York.