UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AKEEM ULMER,

                              Plaintiff,

    -v-                                                      9:15-CV-497
                                                                  (DNH/TWD)

CORRECTIONAL OFFICER DIBBLE, Franklin
Correctional Facility; JOHN DOES 1-5, Correctional
Officers, Franklin Correctional Facility; SERGEANT
DUMAS, Franklin Correctional Facility; and SERGEANT
BEDORE,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:

AKEEM ULMER
Plaintiff pro se
2171 Madison Avenue 4B
New York, NY 10037

HON. ERIC T. SCHNEIDERMAN          CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York    Ass't Attorney General
Attorney for Respondent
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

     Pro se plaintiff Akeem Ulmer brought this civil rights action pursuant to 42 U.S.C.

§ 1983. On December 4, 2017, the Honorable Therese Wiley Dancks, United States

Magistrate Judge, advised by Report-Recommendation that defendants' motion for partial

summary judgment be granted in part and denied in part. Magistrate Judge Dancks

specifically recommended that summary judgment be granted in its entirety as to defendant Dumas; that summary judgment be granted as to defendants Bedore and Dibble on plaintiff's First Amendment retaliation claims; that defendant Bedore be denied summary judgment without prejudice on plaintiff's Eighth Amendment excessive force and failure to protect claims; and that the parties be allowed sixty (60) days from the date of *this* Decision and Order to conduct additional discovery regarding the identification of the Sergeant alleged by plaintiff to have been involved in the laundry room assault on December 29, 2014.  Finally, Magistrate Judge Dancks recommended that defendant Bedore be given thirty (30) days thereafter to file a second motion for summary judgment on plaintiff's excessive force and failure to protect claims.  Plaintiff filed timely objections to the Report-Recommendation.

Based upon a de novo review of the portions of the Report-Recommendation to which plaintiff objected, the Report-Recommendation is accepted and adopted in all respects.  See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1.  Defendants' motion for partial summary judgment is GRANTED in part and DENIED in part;

2.  Summary judgment is GRANTED in its entirety as to defendant Dumas and all claims against him are DISMISSED;

3.  Summary judgment is GRANTED as to plaintiff's First Amendment retaliation claims against defendants Bedore and Dibble and those claims are DISMISSED;

4.  Summary judgment is DENIED without prejudice as to plaintiff's Eighth

Amendment excessive force and failure to protect claims against defendant Bedore;

     5.  The parties are provided sixty (60) days from the date of this Decision and Order to conduct additional discovery regarding the identification of the Sergeant alleged by plaintiff to have been involved in the laundry room assault on December 29, 2014; and

     6.  Defendant Bedore is provided thirty (30) days thereafter to file a second motion for summary judgment on plaintiff's excessive force and failure to protect claims.

     IT IS SO ORDERED.

_____
United States District Judge

Dated: March 16, 2018
       Utica, New York.